11 SAUNDERS, Judge,
dissenting.
We are called upon by this writ to interpret the meaning of the words “for the parish.” In making this interpretation, we are governed by LSA-C.C. art. 11 which tells us that “the words of a law must be given their generally prevailing meaning.” The majority concedes that if these same words were used in an identical taxj^proposition to provide for the construction of a parish road, a parish park or library, then the words “for the parish” would not restrict the use of the governmental facilities to persons residing in the parish but would indeed provide for ownership by the parish but use by members of the parish and non-residents equally.
In a discussion before the court, the plaintiffs conceded that a similar result would be reached if the words “for the parish” were used in a proposition calling for a tax to fund a courthouse, a port facility or substantially any other governmental operation.
After observing that these words, in all other instances, do not limit use of a facility to residents of a parish, the majority proceeds to distinguish a landfill from any other governmental facility and holds that where the use of a landfill is concerned, then the words “for the parish” must be interpreted to read “for the parish and to be used exclusively by residents of the parish.” Therefore, presumably in this one instance, this would be the generally prevailing meaning of the *102 three words which, in every other instance, do not exclude participation by non-residents. The error in this reasoning is evident. Words cannot have “generally prevailing meanings” which change depending upon the wisdom or popularity of the particular governmental undertaking.
The tax proposition in the present case in the present is similar to many others which provides for ownership and operation by the governmental entity and the words “for the parish” reflect this ownership. The general prevailing meaning of the words clearly does not exclude use or participation by out-of-parish residents but leaves this to the discretion of the governmental body which, in the present, has opted to allow participation, for a substantial fee, by out-of-parish residents. This is a proper function to be performed by a governmental entity and it is not precluded from taking this action by the generally prevailing meaning of the three words in question.
_JjThe majority attempts to support its position that the ordinary usage of the language would exclude out of parish garbage by observing that a landfill is obnoxious “in every sense of the words;” that garbage is smelly and attracts flies and rodents; that garbage is a potential fire hazard; that garbage is a source of disease; that garbage is a bad thing; and that more garbage is more harmful than less garbage. These observations are factors which certainly should be weighed in determining whether or not a district should accept out of parish garbage and the amount of money to be charged for accepting out of parish garbage. However, the determination as to whether or not it is a wise thing to store garbage for a fee is not a judicial determination, it is a legislative determination which, in the present case, has been made by the appropriate governing authority. Our function is not to legislate, it is to adjudicate.
For these reasons, I respectfully dissent.